O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY N.,[1]<br><br>            Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL,[2]<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. 8:18-cv-01559-MAA<br><br>**MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On August 31, 2018, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying her application for a period of disability and Disability Insurance Benefits pursuant to Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this matter is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

## PROCEDURAL HISTORY

On August 16, 2015, Plaintiff filed an application for a period of disability and Disability Insurance Benefits, alleging disability beginning on May 15, 2015. (Administrative Record [AR] 22, 62, 74.) Plaintiff alleged disability due to "carpal tunnel syndrome — bilateral; arthritis (hand) — bilateral; trigger finger — right hand; acute anxiety disorder; PTSD; depression." (AR 74.) After the application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (AR 99-100.)

On October 6, 2017, the assigned ALJ held an administrative hearing. (AR 40-61.) Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff and a vocational expert. (*Id.*)

In a decision issued on October 19, 2017, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 22-35.) Plaintiff had not engaged in substantial gainful activity during the period from her alleged disability onset date of May 15, 2015 through her date last insured of June 30, 2017. (AR 24.) Plaintiff had "severe" impairments consisting of "bilateral carpal tunnel syndrome, bilateral trigger finger, depression, and anxiety." (AR 25.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (*Id.*) She had a residual functional capacity to perform "light work . . . except her ability to perform fine manipulation and gross manipulation is limited to frequent (but not constant or repetitive), she must avoid concentrated exposure to excessive vibration and temperature extremes, and can perform detailed but not complex tasks." (AR 27.) Plaintiff could perform her past relevant work as a retail sales clerk. (AR 33.) In the alternative, Plaintiff could perform other work in the national economy, in the occupations of cashier II, ticket taker, and storage facility rental clerk. (AR 34.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the

Social Security Act. (AR 1697.)

On July 20, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, the ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUES

The parties raise the following disputed issues:

1. Whether the ALJ properly considered Plaintiff's testimony regarding her pain and limitations.

2. Whether the ALJ properly considered the opinion of Dr. Michael Rubinstein, a treating physician.

3. Whether the ALJ properly considered Plaintiff's hand limitation.

4. Whether the ALJ properly considered the state agency physicians' opinions concerning Plaintiff's mental limitations.

5. Whether the ALJ properly considered the opinion of Dr. Zarrabi, a treating physician.

6. Whether the ALJ properly considered the lay witness statement of Plaintiff's husband.

(ECF No. 21, Parties' Joint Stipulation ["Joint Stip."] at 2.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such

3

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Two, based on the ALJ's assessment of the opinions of Dr. Rubinstein, a treating physician. Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## I. Treating Physician's Opinions (Issue Two).

### A. Legal Standard.

A treating physician's opinion is entitled to special weight because he or she is "most able to provide a detailed, longitudinal picture" of a claimant's medical impairments and bring a perspective to the medical evidence that cannot be obtained from objective medical findings alone. *See* 20 C.F.R. § 404.1527(c)(2); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or

4

the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2).

If the treating physician's opinion is uncontroverted by another doctor's opinion, it may be rejected only for "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If a treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See id.* "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Here, Dr. Rubinstein's opinions were inconsistent with the opinions of two state agency review physicians. (AR 67-68, 80-81.) Thus, the ALJ was required to state specific and legitimate reasons based on substantial evidence in the record before discounting Dr. Rubinstein's opinions.

**B.      Background.**

In July 2015, electrical studies of Plaintiff's hands showed "carpal tunnel that is quite severe on the right and moderately severe on the left." (AR 266.) Plaintiff was referred to Dr. Rubinstein for treatment. (*Id.*)

Dr. Rubinstein began treating Plaintiff in August 2015. (AR 272.) Dr. Rubinstein noted that conservative treatments, such as injections to the fingers, had been exhausted and thus concluded that surgery was appropriate. (AR 273.) However, Plaintiff was unable to afford the surgery, so she continued to undergo treatment consisting of injections, pain medications, and physical therapy. (AR 355, 360, 372.)

Dr. Rubinstein issued three opinions regarding Plaintiff's ability to work given her hand condition, in October 2015 (AR 355-56), January 2016 (AR 324-30), and August 2017 (AR 333-45). In October 2015, Dr. Rubinstein stated, "There is no consideration for returning her to work activities because of bilateral hand pain." (AR 355.) But in January 2016, Dr. Rubinstein responded "no" when asked whether Plaintiff's hand impairments lasted or can be expected to last at least twelve months. (AR 324.) Because disability under the Social Security Act requires an inability to work for at least twelve months, *see* 42 U.S.C. § 423(d)(1)(A), Dr. Rubinstein's statement in January 2016 was interpreted to mean that Plaintiff was not disabled. However, more than one year later, in August 2017, Dr. Rubinstein stated that Plaintiff's pain would frequently interfere with her attention and concentration, that she would be incapable of even a low stress job, that she could rarely lift less than ten pounds, that she could occasionally use her hands, and that she would likely be absent from work four days per month. (AR 335-36, 338.)

### C. Analysis.

The ALJ gave "little weight" to all of Dr. Rubinstein's opinions for three reasons. (AR 31.) The Court considers each reason in turn.

#### 1. Internally inconsistency.

The ALJ's first reason to accord little weight to Dr. Rubinstein's opinions was that they "are internally inconsistent." (AR 31.) Although Plaintiff contends that the ALJ did not identify what the internal inconsistency was (Joint Stip. at 16), it is apparent that the ALJ was referring to the inconsistency between Dr. Rubinstein's statement in January 2016 that Plaintiff's impairment would not last at least twelve months and his other statements in October 2015 and August 2017 to the effect that Plaintiff could not work. (AR 31.) Thus, contrary to Plaintiff's

6

contention, the Court may reasonably discern the basis for the ALJ's finding and review it for substantial evidence or legal error. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, [a reviewing court] must uphold it if the agency's path may be reasonably discerned.") (internal quotation marks omitted).

Internal inconsistencies in a treating physician's reports may be a specific and legitimate basis to reject those reports. *See Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 603 (9th Cir. 1999). The record supports the ALJ's finding of an internal inconsistency between Dr. Rubinstein's January 2016 statement that Plaintiff's impairment would not last for twelve months and his other statements in October 2015 and August 2017 to the effect that she was incapable of any work. Although Plaintiff further disputes this internal inconsistency by explaining that Dr. Rubinstein's opinion simply evolved over time (Joint Stip. at 21), this is only an alternative interpretation of the evidence that the ALJ was not required to adopt. *See Molina*, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). It was not unreasonable for the ALJ to interpret Dr. Rubinstein's opinions as reflecting an internal inconsistency, rather than an evolution of his opinion over time, especially because little time elapsed between his differing statements in October 2015 and January 2016. Thus, the ALJ's finding was warranted.

However, even if the ALJ's interpretation were upheld, it remains questionable whether the evidence of the internal inconsistency, by itself, was "substantial evidence" to reject Dr. Rubinstein's opinions. The substantial evidence standard is not met "simply by isolating a specific quantum of supporting evidence." *See Orn*, 495 F.3d at 630. Evidence of a single discrepancy generally is too weak to constitute substantial evidence to reject a treating physician's opinion. *See Delegans v. Colvin*, 584 F. App'x 328, 332 (9th Cir. 2014) (holding that an ALJ

7

may not rely solely on a specific quantum of conflicting evidence to reject a treating physician's opinion); *Edler v. Astrue*, 391 F. App'x 599, 601 (9th Cir. 2010) (same). Here, the finding of an internal inconsistency depends entirely on Dr. Rubinstein's response to a single question in January 2016, when he checked the box for "no" in response to a question asking whether Plaintiff's impairments lasted or could be expected to last at least twelve months. (AR 324.) Yet Dr. Rubinstein's opinions in all other respects were consistent with his ultimate conclusion that Plaintiff was incapable of her former work activities or low stress jobs. (AR 324-30, 333-45, 355-56.) In that context, Dr. Rubinstein's January 2016 response to the question represented a single internal inconsistency that by itself was too weak to constitute substantial evidence to reject his lengthy opinions in their entirety. Thus, additional evidence will be required to satisfy the substantial evidence standard, from the two reasons considered below.

## 2. Inconsistency with treatment notes.

The ALJ's second reason to accord little weight to Dr. Rubinstein's opinions was that they "are also inconsistent with Dr. Rubinstein's own treatment notes, which show that [Plaintiff] reported some improvement in her pain with injections, and later endorsed additional improvement with physical therapy." (AR 31.) And earlier in the decision, the ALJ detailed Dr. Rubinstein's treatment notes about the effects of Plaintiff's injections and physical therapy:

> At a January 2017 follow-up, [Plaintiff] stated the injection had helped only a few days, reported that her symptoms were worsening, and endorsed an increase in dropping objects with her right hand, difficulty driving and typing, and an increase in numbness and tingling. [Plaintiff] stated she used a wrist brace as needed, and admitted it helped decrease the intensity of her symptoms. Authorization was given to treat her right hand, and she was given another injection at the

> thumb CMC joint, and occupational therapy was requested as "she has
> not yet had any formal therapy" [AR 366-69]. In June [2017],
> [Plaintiff] stated she had only been able to attend four physical therapy
> sessions before expiration, but requested an extension "as it was
> helpful." She also requested a thermoplastic splint, but noted that her
> dorsal wrist pain had improved since her prior visit. She reported no
> depression or anxiety [AR 359-61].

(AR 29.)

Treatment notes showing that a claimant's condition has improved with treatment may be a specific and legitimate basis to reject a treating physician's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). However, improvement that is only modest or temporary is not a specific and legitimate reason to reject a treating physician's opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (finding an ALJ's rejection of a treating physician's opinion unwarranted where the treating physician never described improvement to the degree that the ALJ suggested); *see also Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (same where the treating physician's records showed the claimant "responded only briefly and partially to treatment").

Here, although Dr. Rubinstein's treatment notes do show some improvement in Plaintiff's hand condition with injections and physical therapy, such improvement was modest and temporary. Dr. Rubinstein's treatment notes stated that conservative measures such as injections and therapy provided only temporary improvement (AR 360, 362, 372) and that the pain returned a few days later (AR 366). Moreover, any suggestion that Plaintiff's condition improved significantly with injections and therapy is called into question by Dr. Rubinstein's ultimate recommendation that Plaintiff undergo hand surgery (AR 273), which Plaintiff was unable to afford (AR 355, 360, 372). Dr. Rubinstein's treatment records thus did not suggest that Plaintiff's condition had been adequately addressed by injections

9

and physical therapy. Rather, the treatment records showed that any treatment available to Plaintiff provided temporary relief, with the expectation that she eventually would undergo surgery. The improvement under those circumstances was not a specific and legitimate reason based on substantial evidence to discount the treating physician's opinions.

### 3. Issue reserved to the Commissioner.

The ALJ's third reason to accord little weight to Dr. Rubinstein's opinions was that the opinions went to the dispositive issue of disability, which is an issue that "is reserved to the Commissioner." (AR 31.)

A physician's statement that a claimant is disabled is not binding on the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). In particular, a physician's statements that a claimant is disabled, "without discussion of actual functioning, [are] legal opinions on an issue reserved to the Commissioner." *Kirchoff v. Saul*, 776 F. App'x 390, 390 (9th Cir. 2019) (citing *McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011)). On the other hand, the fact that disability is a legal issue reserved to the Commissioner does not relieve an ALJ of providing legally sufficient reasons to reject a physician's opinion about a claimant's ability to work, if that opinion is not conclusory and is based on objective medical evidence. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). Here, Dr. Rubinstein's opinions were not conclusory but contained discussions of actual functioning based on objective medical evidence of Plaintiff's hand condition. (AR 324-30, 333-45, 355-56.) Thus, while it is true as a general proposition that disability is a legal issue reserved to the Commissioner, such a reason is insufficient here to dismiss the treating physician's opinions about Plaintiff's ability to work.

### D. Conclusion.

The only valid reason to reject Dr. Rubinstein's opinions was based on an

internal inconsistency, but that reason by itself was too weak to satisfy the substantial evidence standard. Moreover, even if substantial evidence supported the ALJ's decision not to credit Dr. Rubinstein's opinions, reversal would be warranted on an alternative ground. As Plaintiff points out (Joint Stip. at 16), the ALJ's assessment of the treating physician's opinions does not indicate consideration of the regulatory factors set out in 20 C.F.R. § 404.1527(c)(2)-(6), an omission which "alone constitutes reversible legal error." *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017). Thus, for these reasons, reversal is warranted.

## II. Remand for Further Administrative Proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found legal error and an absence of substantial evidence in the assessment of the treating physician's opinions, essential factual issues remain outstanding. Indeed, Plaintiff concedes that even if she were to prevail on all of her claims, outstanding factual issues would remain as to her mental limitations and the lay witness statement. (Joint Stip. at 36-37.) Thus, although Plaintiff requests that the treating physician's opinions be credited as true (*id.* at 36), such a step is improper here. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) (holding that where outstanding issues remain, crediting evidence as true is improper, because "this reverses the required order of analysis") (quoting *Dominguez*, 808 F.3d at 409); *see also Burns v. Berryhill*, 731 F. App'x 609, 612

(9th Cir. 2018) (holding that where the ALJ failed to state specific and legitimate reasons based on substantial evidence to reject a treating physician's opinion and failed to consider the regulatory factors, the ALJ was not required to credit the opinion as true, but rather could reconsider it together with any other evidence).  In sum, the record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here.  It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: October 18, 2019

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE